ESTHER A. SPEED ET AL. *v.* THEODORE McKNIGHT.

1. BILLS OF EXCEPTIONS. *Chancery court Chancery practice. Time for preparing. Code* 1892, §§ 555, 735, 736.

   Where testimony is heard orally in the chancery court and the case taken under advisement, to be decided in vacation,. and decision is not rendered until the next term of the court, the time limited by statute (code 1892, §§ 555, 735, 736) for the preparation of a bill of exceptions embodying the testimony does not begin to run until the decree is actually rendered.

2. ASSESSMENTS. *Separated lots. Valuation. Change of by collector. Tax sales.*

   Where several lots of land, separated from each other and of variant values, are assessed together at an aggregate valuation and the taxes on some of them are paid, the tax collector is not authorized to change the assessment so as to exclude therefrom the lots paid

upon, deducting from the aggregate valuation a part, proportionate to the whole as the number of lots paid upon are to the entire number. A sale for taxes after such a change of the assessment by the collector is void. *Coburn* v. *Crittenden*, 62 Miss., 125, distinguished.

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

McKnight, the appellee, was the complainant in the court below; Mrs. Speed and others were defendants there. McKnight bought certain lots of land in 1896 from the land commissioner, which had been sold to the state for taxes, and filed his bill for the confirmation of his title. The land was assessed as "lots 125 to 162 inclusive," and were valued in the aggregate at $800.00; and before sale several parties claimed eight of the lots and paid the taxes thereon to the tax collector, who changed the assessment and then sold "lots 125 to 162 inclusive, except," etc. (the eight lots paid on by number). There was no pretense that the taxes on any of the lots sued for, except one of them, had been paid. There was a decree in favor of McKnight for all the lots claimed except the one the taxes on which had, as defendants in the court below contended, been paid, and both parties appealed. The case was tried and the testimony heard at the February term, 1898, of the chancery court, and taken under advisement, a decree to be rendered in vacation; the decree was not rendered, however, until the 17th of September, 1898, which was during the September term, 1898, of the court, and the bill of exceptions was signed on September 29, 1898. Appellee, McKnight, moved to strike the bill of exceptions from the supreme court record because not taken in time. The motion was submitted with the case on its merits.

*McLaurin & McKnight* and *McWillie & Thompson*, for the motion.

On the 26th day of February, 1898, the court below heard the proof and the argument of counsel in this case, and took

the cause under advisement, a decree to be rendered in vacation. The bill of exceptions was not granted nor signed un'il the 29th day of September, 1898, which was seven months after the delivery of the testimony.

Under the law, a bill of exceptions cannot, legally, be signed after the expiration of the term at which the cause was tried, with the single exception of bills of exceptions to judgments overruling motions for new trials, which must be presented for the signature of the judge during the term, or within ten days, or such further time as the court may allow, but the court cannot allow over sixty days after the end of the term, even for this purpose. Sixty days after the evidence is heard and the trial had is the utmost limit. The court has no power to grant a longer time. *Allen* v. *Levy*, 59 Miss., 614.

It was the defendants, appellants, who filed the notice to take the testimony in this case orally, and who thereby prevented its being taken in the form of depositions.

*Magruder & Bryson* opposed the motion, but the reporter does not find their brief in opposition thereto on file.

*Magruder & Bryson*, for appellants, on the merits.

The sale was void, because it was not made in pursuance of a legal assessment. The change of the roll made by the collector of the tract assessed, the dividing it up into different parcels, and fixing his values and a sale by him thereunder, is a substitution of his assessment for that made by the board of supervisors. He changed the thing assessed, and he made his own valuation. If the assessment in the first place was legal, it was because it was of the land as a whole tract. The point is, that the assessment of the tract as "lots 123 to 162, inclusive," if valid at all, is valid as the assessment of the tract as an entire body, and that the valuation put upon it is as a whole. One part may have been of greater value than another. Lots differ from each other in value as the stars differ

in glory.   The proof in this case shows that the lots differed greatly in value.   The assessment of a tract, as an entire body of land, does not carry with it, as a legal result, a proportionate assessment, as to any particular parcels in which it may be subdivided.   An entire tract of land, assessed in a body at eight hundred dollars, is not an assessment of the north one-half at $400 and the south one-half at $400.   If a tax collector could divide a tract and apportion its valuation in one way, he could in any other way.   He might assess one lot at $795 if he thought it worth so much, and the others at $5, and though the sums might aggregate the valuation put upon the whole by the board, it is, nevertheless, not the valuation and judgment of the board.   No one could say how the lots, if separately enumerated, would have been valued by the board.   In this case the tax collector did not even make a proportionate assessment, but gave different values to different lots.   This is not a question of illegal or excessive taxation.   The question of illegal taxes and of valid assessments are apart.   *Davis* v. *Vanarsdale*, 59 Miss., 367.   A sale for taxes, in order to be valid must be in pursuance of due process of law.   There must be a valid assessment and legal sale, as to the time, place and manner of selling.   *Virden* v. *Bowers*, 55 Miss., 1.

*McLaurin & McKnight* and *McWillie & Thompson*, for appellee, on the merits.

The appellee, complainant in the court below, made out a perfect *prima facie* case by the production of his deed and the list of lands sold to the state.   The lots were assessed together, for a single sum, as one tract of land.   The maps offered in evidence show that the lots, 123 to 163, constituted but one tract, though streets, real or imaginary, may have separated parts thereof from other parts.   Presumably, since there is nothing in the record that contradicts it, they all belonged to the one man (F. Speed), to whom they were assessed at the date the assessment was made.   There is nothing in the law

requiring the assessment to be made otherwise than as it was made, and our deed and list, at least *prima facie*, established the validity of the assessment. A previous decision of this court, by necessary implication, adjudges just such an assessment as we are now considering to be valid. *Coburn* v. *Crittenden*, 62 Miss., 125.

Considering the plea of payment, as it affects the lots not paid, or attempted to be paid, upon, we have to say: Aside from the defects which appear in all of the receipts offered in evidence by the defendants, and conceding that they are competent to show payment of taxes on the lots described in them (which they are not), the only effect of such payment on other lots that could even seemingly aid defendants is predicated of the supposition that they operated to cause the lots actually struck off to the state to be sold for too great an amount of taxes. In fact, this is all that defendants claim, and the only question thus presented is, whether a tax sale of lands to enforce a payment of more than the amount of taxes and costs legally due is void. The statute expressly provides that such a sale is valid, in the absence of a tender of the sum actually due. Code 1892, § 3817, and the cases annotated thereunder on the subject. The assessment was not the act of the tax collector, but it was the act of the assessor, approved by the board of supervisors. The pretense of appellants that the assessment was the act of the collector is predicated of that officer's alterations of the roll.

Now we submit that the collector, either rightfully or wrongfully, altered the roll. If he rightfully altered it, his act in so doing did not vitiate the roll or deprive him of the power of making sale under it as altered, and could not have done so. If, however, his alteration of the roll was wrongful, then his changing it was a mere spoliation and was as ineffectual to deprive him of power, or to deprive the state and county of their remedy against defaulting taxpayers, as would have been the accidental or unintentional blurring of it by a stranger.

A spoliation of an assessment roll cannot affect rights, especially the spoliation of a mere copy. It must be remembered that the originals of assessment rolls never go into the hands of tax collectors. They are deposited with the chancery clerks, and a copy of the original as deposited in the office of the chancery clerk of Warren county is apparent of record, the same having been offered by the appellee, who also, as shown of record, objected to the introduction of the mutilated copy from the sheriff's office, when the same was offered by the appellants.

WHITFIELD, J., delivered the opinion of the court.

The motion to strike the bill of exceptions from the record is denied. It is not perceived what duty appellant was under to set about the preparation of a bill of exceptions to the decree until the decree had been rendered.

On the merits the assessment under which this property was sold and the sale was utterly void. The case of *Coburn* v. *Crittenden*, 62 Miss., 125, is wholly unlike this case in its facts. The assessment here was the act of the tax collector and the lots were physically widely separated and of different values, as shown by proof, and should not have been sold as one tract.

*The decree on the cross appeal is affirmed. The decree on the direct appeal is reversed and cause remanded for decree in accordance with this opinion.*